IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:11-CV-100-RLV-DSC

LOU E. HENSLEY,

        Plaintiff,

v.

GEROVA FINANCIAL GROUP, LTD.,

        Defendant.

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

WHEREAS, Plaintiff, Lou E. Hensley ("Hensley"), and Defendant GEROVA Financial Group, Ltd. ("GEROVA") (hereinafter each individually is referred to as a "Party" and collectively as the "Parties") desire to expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect information and material entitled to be kept confidential, and ensure that protection is afforded only to information and material so designated or entitled;

IT IS HEREBY ORDERED, pursuant the Court's authority, that the Parties abide by the following terms in handling the production and disclosure of confidential information:

**Confidential Information.** Due to the nature of the claims and counterclaims in this action, the Parties anticipate that discovery in this action will require the disclosure of certain confidential and proprietary information, the disclosure of which could be harmful to each of the Parties' competitive advantage and business relationships and/or those of third parties. "Confidential Information," for purposes of this Order, shall be defined as information produced in discovery by a Party or third party pursuant to a subpoena or otherwise: (i) that is related to a Party's or the

producing third party's business, the public dissemination of which would place a Party or third party producer at a competitive disadvantage and includes but is not limited to trade secrets, technical or research information, customer lists, contracts with third parties and financial information; and/or (ii) that the designating Party maintains as confidential in the ordinary course of its business. The term "Confidential Information" shall not include matters of public record.

1. **Designation.** Confidential Information may be designated as such as set forth below, or by a Party or third party by the producer placing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL."

   a. Any Party may designate Confidential Information as such under the terms of this Order if such Party reasonably and in good faith believes that such information or material is entitled to confidentiality under the terms of this Order.

   b. Any Party or third party may so designate as "Confidential" any information or document that belongs or relates to any Party or third party, or that is in the possession, custody, or control of any professional services firm that has been or may in the future be engaged by any Party, or any third party. The portions of interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and affidavits that quote, summarize, or contain information or materials entitled to protection may be designated as Confidential Information.

2. **Disclosure of Confidential Information.** Except as set forth below, Confidential Information may not be disclosed by the receiving Party to any person and shall not be used for any other purpose beyond this litigation, including but not limited to any business, proprietary, or commercial purpose. Parties shall not duplicate any confidential document except for working

copies in the litigation and for filing in Court under seal. Notwithstanding the foregoing, Confidential Information may be disclosed to:

    **a.**    The Parties and their respective outside counsel, in-house counsel, and attorneys-in-fact who are actively engaged in the conduct of this litigation, as well as their clerical, paralegal, or other support staff (including copy and electronic discovery vendors used by the Parties);

    b.    The Court, Court personnel, staff and jurors, if any, in the trial of this action;

    c.    Court reporters involved in depositions in connection with this litigation;

    d.    Deponents or witnesses, to the extent reasonably necessary to their expected testimony, provided that no material designated as Confidential Information shall be disclosed to any such person unless that person first reads this Confidentiality Order, agrees to be bound thereby, and executes a Confidentiality Agreement in the form attached hereto as Exhibit A;

    e.    Consultants or expert witnesses, whether testifying or non-testifying, retained for the purpose of assisting with this litigation, provided that no material designated as Confidential Information shall be disclosed to any such person unless that person first reads this Confidentiality Order, agrees to be bound thereby, and executes a Confidentiality Agreement in the form attached hereto as Exhibit A;

    f.    Material witnesses or persons with prior knowledge of the Confidential Information contained in the documents, to the extent reasonably necessary in preparing to testify or in testifying; and,

> g. Any other person agreed to in writing by the Parties or as the Court may direct.

3. **Declassification.** After consulting with the designating Party or third party in an effort to resolve any disagreement, a Party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court at any time for a ruling that information designated as Confidential Information is not entitled to such status and protection. The designating Party shall be given notice of the application and an opportunity to respond. To maintain Confidential status, the proponent of confidentiality must show that there is good cause for the information to have such protection.

4. **Confidential Information in Depositions.**

> a. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the form prescribed above in Paragraph 3(d). A deponent who is not a Party or a representative of a Party shall be furnished a copy of this Order before being asked to review potentially confidential documents.
>
> b. Parties (and deponents) may, within fifteen (15) calendar days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as Confidential Information. Confidential Information within the deposition transcript may be designated by: underlining the portions of the pages that are confidential; marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order"; and serving a copy of the marked deposition transcript on all other Parties to the litigation

and on the court reporter. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no Party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits not previously so designated will be treated as Confidential Information; if a timely designation is made, the confidential portions and exhibits shall be retained by the court reporter under seal separate from the portions and exhibits not so marked. Information within a deposition that is designated as Confidential may be declassified pursuant to the process set forth above in paragraph four.

5. **Confidential Information at Trial.** Confidential Information may be offered in evidence at trial and/or any court hearing, subject to such restrictions as the Court may apply to protect the confidential nature of such information or document(s).

6. **Subpoena by Other Courts or Agencies.** If another court, regulatory body, or an administrative agency subpoenas or orders production of Confidential Information or document(s) that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the information or document(s) as Confidential Information of the pendency of such subpoena or order.

7. **Filing.** If documents containing Confidential Information are filed with the Court, such documents or excerpts thereof shall be filed with the Court under seal and shall remain sealed while in the office of the clerk so long as they retain their status as confidential documents. Such filings made under seal shall plainly and in bold type on the first page of the document set forth the following: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER." If motions,

briefs, or other pleadings contain Confidential Information, one copy of the complete pleading shall be filed under seal and a separate copy of the pleading with the Confidential Information redacted shall be filed unsealed. To the extent any Confidential Information is filed with the Court electronically, the filing Party shall utilize the "Under Seal" filing method available through the Court's electronic filing system.

8. **Conclusion of Action.** At the conclusion of this action, including any appeals, the ultimate disposition of all materials marked "Confidential" and furnished pursuant to this Confidentiality Order, and all copies thereof, is subject to a final order of the Court. In the event the Court does not issue an order regarding the ultimate disposition of materials furnished pursuant to this Confidentiality Order, within 120 days after final conclusion of all aspects of this litigation, including appeals, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Party that produced such documents or, at the option of the producing Party, destroyed by counsel of the receiving Party. This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Party (whether in-house or outside counsel) as archival records or other attorney work-product created for any Party, but each attorney shall continue to treat the material as Confidential Information. Each counsel shall be responsible for retrieving all copies of Confidential documents which it provided to any third party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents and not more than 150 days after final termination of this litigation. The provisions of this Confidentiality Order insofar as it restricts the disclosure, communication of and use of Confidential Information produced hereunder shall continue to be binding after the conclusion of this action.

9. **Modification Permitted.** Nothing in this Order shall prevent any Party from seeking modification of this Order or from objecting to discovery.

10. **No Waiver.**

    a.  Review of the Confidential Information by those so authorized pursuant to Paragraph 3 shall not waive the confidentiality of the documents or objections to disclosure.

    b.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information, or failure to designate as such, shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If the foregoing occurs, the disclosing Party may provide notice to the other Parties that the document or information does not, but should, bear such designation, and the documents or information in question shall thereafter be treated as if they carried such designation and, if requested, replacement copies stamped Confidential Information shall be provided at the expense of the disclosing Party.

    c.  Nothing contained in this Order and no action taken pursuant to it shall waive or prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought or provided in discovery.

11. **Claw-Back Agreement.** In order to facilitate discovery, the inadvertent disclosure of documents or other information subject to a privilege or other immunity from production shall be handled as follows:

    a.  From time to time during the course of discovery, one or more of the Parties may inadvertently disclose documents or other information subject to a privilege or other immunity from production. Any such disclosure shall not

be deemed a waiver of the privileged or immune nature of that document or information, or of any related subject matter.

b.  To that end, if a producing Party, through inadvertence, error or oversight, produces any document(s) or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity, such production shall not be deemed a waiver, and the producing Party may give written notice to the receiving Party that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, the receiving Party shall immediately undertake to gather the original and all such copies to the producing Party, and shall promptly destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. Return of such document(s) or information to the producing Party shall not preclude the receiving Party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact of or circumstances surrounding the inadvertent production.

c.  In addition, if a Party concludes that any document(s) or information that it has received from another Party is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity or any other privilege or immunity from production, that Party shall promptly bring the potentially privileged document(s) or information to the attention of the

producing Party. The producing Party then may give written notice to the receiving Party that the document(s) or information so produced is deemed privileged and that the return of the document(s) or information is requested. Upon receipt of such written notice, the receiving Party shall immediately undertake to gather the original and all such copies to the producing Party, and shall promptly destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. Return of such document(s) or information to the producing Party shall not preclude the receiving Party from later moving to compel production of the returned document(s) or information, but the motion shall not assert as a ground for production the fact of or circumstances surrounding the inadvertent production.

**SO ORDERED**.                                Signed: January 10, 2012

_____
David S. Cayer
United States Magistrate Judge